UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VAYNERMEDIA, LLC, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| BRAGI GmbH, | |
| Defendant. | |

Plaintiff, VaynerMedia, LLC ("VaynerMedia" or "Plaintiff"), by and through its attorneys, Cole Schotz P.C., as and for its Complaint against Defendant, BRAGI GmbH ("BRAGI" or "Defendant"), alleges and states as follows:

## INTRODUCTION

1. This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, and account stated, arising from Defendant's improper and unlawful efforts to divest VaynerMedia of nearly half a million dollars owed to it pursuant to the parties' services agreement. Despite timely invoices and repeated demands for payment, Defendant has provided no indication that it will voluntarily pay VaynerMedia what it is unequivocally owed.

## THE PARTIES

2. VaynerMedia is a New Jersey limited liability company with its principal place of business at 10 Hudson Yards, New York, New York.

3. Upon information and belief, BRAGI is a German limited liability company with its principal place of business at Sendlinger Straße 7, Munich, Germany.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims set forth in this action occurred in this judicial district. Venue is also proper in this District pursuant to the terms of the controlling agreement between the parties.

## FACTS COMMON TO ALL COUNTS

6. On September 19, 2016, VaynerMedia and BRAGI entered into a Master Services Agreement (the "MSA") pursuant to which VaynerMedia agreed to perform certain marketing, advertising, and promotional services on BRAGI's behalf (the "Services").

7. That same day, VaynerMedia and BRAGI also executed a Statement of Work (the "SOW") setting forth additional details concerning, among other things, the Services to be performed by VaynerMedia and the fee arrangement between the parties. The MSA incorporates the SOW by reference. The MSA and SOW are collectively referred to herein as the "Agreement."

8. Pursuant to the MSA, BRAGI agreed to pay VaynerMedia all fees set forth in the SOW, and all "further costs incurred and expenses made in connection with [VaynerMedia's] provision" of Services. BRAGI agreed to pay all invoices within forty-five (45) days of the date thereof, unless otherwise specified in the SOW.

9. According to the MSA, VaynerMedia was also to act as BRAGI's agent to place advertising amounts ("Working Dollars") with certain third-party vendors (the "Properties"). BRAGI agreed to be "solely liable" for all Working Dollars owed to the Properties for

placements made by VaynerMedia, provided BRAGI was consulted and agreed to the specific breakdown of budgets and activities. Similar language was reiterated in the SOW.

10. Pursuant to Section 3 of the SOW, BRAGI agreed "to cause [VaynerMedia] to place up to $800,000 ('Working Dollars') with certain third party vendors to advertise and market the Brand on [BRAGI's] behalf." The specific amount of Working Dollars to be spent would be pre-agreed by the parties.

11. Among the compensation to be paid to VaynerMedia, BRAGI agreed to pay VaynerMedia a fee in the amount of twelve percent (12%) of the "actually spent Working Dollars" (the "Fee"). The Fee would be invoiced by VaynerMedia on a monthly basis based on the Working Dollars actually spent during the preceding month, and was payable within thirty (30) days of the invoice date.

12. Finally, the MSA provides for five percent (5%) *per annum* interest on all amounts owed more than forty-five (45) days from the invoice date.

13. From October 1, 2016 through December 31, 2016, VaynerMedia performed the aforesaid Services on behalf of BRAGI. Throughout this period, representatives from VaynerMedia met with representatives from BRAGI on a weekly basis to discuss and obtain approval of future spending on BRAGI's behalf. BRAGI approved every dollar spent by VaynerMedia pursuant to the Agreement.

14. VaynerMedia timely invoiced BRAGI for all amounts owed.

15. On November 30, 2016, VaynerMedia sent Invoice No. 9040 for $68,118.00, due on or before January 14, 2017. To date, BRAGI has not paid this invoice.

16. On November 30, 2016, VaynerMedia sent Invoice No. 9714 for $319,088.56, due on or before January 14, 2017. To date, BRAGI has not paid this invoice.

17. On December 31, 2016, VaynerMedia sent BRAGI Invoice No. 10084 for $80,115.41, due on or before February 14, 2017. To date, BRAGI has not paid this invoice.

18. On December 31, 2016, VaynerMedia sent BRAGI Invoice No. 9041 for $26,368.20, due on or before February 14, 2017. To date, BRAGI has not paid this invoice.

19. Pursuant to the express terms of the Agreement, BRAGI now owes VaynerMedia at least $493,690.17, plus contractual interest.

20. VaynerMedia has made several demands for payment. All such requests have been ignored or rejected.

## FIRST COUNT
### (Breach of Contract)

21. VaynerMedia repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

22. As set forth above, VaynerMedia and BRAGI entered into two valid and enforceable contracts whereby VaynerMedia was to be paid an agreed-upon amount in exchange for Services performed on behalf of BRAGI.

23. VaynerMedia fully performed its obligations under the Agreement, and sent BRAGI timely invoices for amounts due. Based on VaynerMedia's performance, and pursuant to the express terms of the Agreement, BRAGI owes VaynerMedia a total amount of $493,690.17, plus contractual interest.

24. VaynerMedia has made several demands for payment to BRAGI. To date, all such demands have been ignored or rejected.

25. BRAGI has materially breached the Agreement by failing and refusing to pay VaynerMedia the amount due thereunder for Services rendered.

26. As a direct and proximate result of BRAGI's breach, VaynerMedia has suffered and continues to suffer substantial damages.

**WHEREFORE**, Plaintiff, VaynerMedia, LLC, demands judgment against Defendant, BRAGI GmbH, for compensatory damages in an amount to be determined at trial, but in a sum no less than $493.690.17, plus contractual interest, statutory interest, attorneys' fees, costs of suit, disbursements of this action and for other relief to which Plaintiff is justly entitled.

## SECOND COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

27. VaynerMedia repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

28. In New York, an implied covenant of good faith and fair dealing exists in all contracts, including the Agreement.

29. Through BRAGI's conduct as aforesaid, including, but not limited to, BRAGI's failure to fully compensate VaynerMedia for the valuable Services rendered pursuant to the Agreement, BRAGI has breached the implied covenant of good faith and fair dealing and, in bad faith, deprived VaynerMedia of the very benefit of its bargain.

30. As a direct and proximate result of BRAGI's breach of the implied covenant of good faith and fair dealing, VaynerMedia has suffered and continues to suffer substantial damages.

**WHEREFORE**, Plaintiff, VaynerMedia, LLC, demands judgment against Defendant, BRAGI GmbH, for compensatory damages in an amount to be determined at trial, but in a sum no less than $493.690.17, plus contractual interest, statutory interest, attorneys' fees, costs of suit, disbursements of this action and for other relief to which Plaintiff is justly entitled.

52274/0012-14786817V2

## THIRD COUNT
## (Unjust Enrichment)

31. VaynerMedia repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

32. BRAGI has been unjustly enriched at the expense of VaynerMedia. VaynerMedia conferred substantial and valuable Services upon BRAGI throughout the course of the parties' relationship. BRAGI appreciated, accepted and retained those benefits and an inequity would result if BRAGI were permitted to retain those benefits without payment of the agreed-upon fee.

**WHEREFORE**, Plaintiff, VaynerMedia, LLC, demands judgment against Defendant, BRAGI GmbH, for compensatory damages in an amount to be determined at trial, but in a sum no less than $493.690.17, plus contractual interest, statutory interest, attorneys' fees, costs of suit, disbursements of this action and for other relief to which Plaintiff is justly entitled.

## FOURTH COUNT
## (Promissory Estoppel)

33. VaynerMedia repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

34. BRAGI made clear and definite promises to pay VaynerMedia for valuable Services rendered by VaynerMedia on BRAGI's behalf.

35. BRAGI made such promises knowing that VaynerMedia would rely on BRAGI's promises of payment in providing the aforesaid valuable Services.

36. VaynerMedia actually and reasonably relied on BRAGI's promises of payment by providing the aforesaid valuable Services.

37. VaynerMedia's reliance on BRAGI's promises resulted in a detriment to VaynerMedia because it supplied BRAGI with valuable Services for which VaynerMedia has not received adequate and/or agreed-upon compensation.

6

38. As a direct and proximate result of BRAGI's misrepresentations, VaynerMedia has suffered and continues to suffer substantial damages.

**WHEREFORE**, Plaintiff, VaynerMedia, LLC, demands judgment against Defendant, BRAGI GmbH, for compensatory damages in an amount to be determined at trial, but in a sum no less than $493.690.17, plus contractual interest, statutory interest, attorneys' fees, costs of suit, disbursements of this action and for other relief to which Plaintiff is justly entitled.

### FIFTH COUNT
### (Account Stated)

39. VaynerMedia repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

40. By virtue of VaynerMedia's presentation of its invoices to BRAGI and BRAGI's failure to pay or dispute the same, an account stated exists between VaynerMedia and BRAGI.

41. As a direct and proximate result of BRAGI's failure to pay the account stated, VaynerMedia has suffered and continues to suffer substantial damages.

**WHEREFORE**, Plaintiff, VaynerMedia, LLC, demands judgment against Defendant, BRAGI GmbH, for compensatory damages in an amount to be determined at trial, but in a sum no less than $493.690.17, plus contractual interest, statutory interest, attorneys' fees, costs of suit, disbursements of this action and for other relief to which Plaintiff is justly entitled.

Dated: New York, New York  
      August 24, 2017

COLE SCHOTZ P.C.

By: */s/ David S. Gold*  
    David S. Gold  
    Daniel G. Agius, Jr.  
    1325 Avenue of the Americas, 19th Floor  
    New York, New York 10019  
    (212) 752-8000  
    *Attorneys for Plaintiff, VaynerMedia, LLC*